SECURITIES AND EXCHANGE COMMISSION
Marc J. Fagel (SBN 154425)
fagelm@sec.gov
Robert L. Mitchell (SBN 161354)
mitchellr@sec.gov
Sahil W. Desai (SBN 197358)
desais@sec.gov
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone:   (415) 705-2500
Facsimile:   (415) 705-2501

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

BOIES, SCHILLER & FLEXNER LLP
David W. Shapiro (SBN 219265)
dshapiro@bsfllp.com
David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
1999 Harrison St., Suite 900
Oakland, CA 94612
Telephone:   (510) 874-1000
Facsimile:   (510) 874-1460

LAW OFFICE OF DAVID T. ALEXANDER
David T. Alexander (SBN 49996)
david@dta-law.com
332 Sheridan Avenue
Piedmont, CA 94611
Telephone:   (650) 387-4382
Facsimile:   (510) 654-3773

Attorneys for Defendant
BENJAMIN SILVA, III

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>BENJAMIN SILVA, III,<br><br>  Defendant. | Case No. 09-05395-LHK<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER TO MODIFY SCHEDULE** |

This Stipulation is entered into by and among Plaintiff Securities and Exchange Commission ("Plaintiff" or "S.E.C.") and Defendant Benjamin Silva ("Defendant" or "Silva") to continue the trial and other relevant dates as follows:

WHEREAS,

1. At the September 22, 2010 case management conference, the parties identified certain depositions that they intend to take, including the depositions of Tvia's former CEO, CFO and outside auditor. The Court instructed the parties to conduct those depositions before the case management conference on February 2, 2011.

2. Following the September 22, 2010 case management conference, the Court adopted the following dates and deadlines: further case management conference on February 2, 2011, close of discovery on April 15, 2011, dispositive motions due by May 5, 2011, pretrial conference on July 27, 2011, and trial on August 22, 2011.

3. After lengthy negotiations, on or around September 10, 2010, Tvia began producing documents and electronic information (e.g., hard drives). Tvia's production, which currently stands at over eight hundred thousand pages (not including information on backup tapes), is substantially more voluminous than anticipated. Moreover, Tvia's electronic information for the relevant period has been difficult to obtain because most of it is not maintained at Tvia's offices and it is disorganized.

4. Tvia's exchange server did not contain custodian files for many former employees – including the custodian files for the Defendant, Tvia's former CFO, and much of Tvia's former sales and accounting personnel – and therefore Defendant had to turn to Tvia's backup tapes. Tvia has produced sixty-four unlabeled backup tapes, but still has not produced all of the backup tapes for the relevant period. It will likely take at least a month to extract and process electronic information stored on the backup tapes when the relevant tapes are identified.

5. On or around September 10, 2010, Tvia told Defendant's counsel that Tvia's former CEO, Eli Porat, took a laptop with him when he left the company. On September 30, 2010, Defendant attempted to serve Mr. Porat with a subpoena seeking information contained on that laptop as well as other relevant documents and electronic information. That attempt and

subsequent attempts were unsuccessful. On October 26, 2010, Pagano & Kass, APC sent a letter to Defendant's counsel stating that it was authorized to accept service of subpoenas on Mr. Porat's behalf. On October 27, 2010, Defendant served Pagano & Kass, APC with the subpoena described above. On November 9, 2010, Mr. Porat served Defendant with objections to the subpoena. On December 3, 2010, Defendant's counsel and Mr. Porat's counsel had a meet and confer regarding the subpoena. Mr. Porat's counsel stated that Mr. Porat would produce a large volume of responsive documents, possibly several hundred thousand pages.

6. It is essential that the parties have access to and review all relevant documents before depositions of Tvia's former CEO, CFO, outside auditor, and others may take place.

7. The parties have agreed that a modified schedule, continuing the dates and deadlines set by the Court in its September 22, 2010 minute order, is needed. They do not ask the Court to modify the date by which the parties must conduct mediation. The parties affirm that this Stipulation is not being made for purposes of delay or harassment.

Accordingly, it is hereby stipulated as follows:

- The close of fact discovery shall be continued to June 17, 2011;
- The other dates and deadlines set forth in the Court's March 17, 2010 scheduling order and September 22, 2010 minute order shall be vacated, except for the February 2, 2011 case management conference at which new dates and deadlines shall be set. The parties shall not be required to conduct depositions prior to the February 2, 2011 case management conference.

**IT IS SO STIPULATED.**

                                          Respectfully submitted,

Dated:  December 7, 2010         By:  /s/Robert L. Mitchell
                                            Robert L. Mitchell

                                            Attorneys for Plaintiff
                                            SECURITIES AND EXCHANGE COMMISSION

| | |
|---|---|
| Dated:  December 7, 2010 | BOIES, SCHILLER & FLEXNER LLP<br><br>By:  /s/David L. Zifkin<br>     David L. Zifkin<br><br>Attorneys for Defendant<br>BENJAMIN SILVA |

### [~~PROPOSED~~] ORDER

PURSUANT TO STIPULATION, IT IS ORDERED that the close of fact discovery is continued to June 17, 2011; the other dates and deadlines set forth in the Court's March 17, 2010 scheduling order and September 22, 2010 minute order are vacated; and the Court sets a case management conference for February 2, 2011, at 2 p.m., at which new dates and deadlines will be set by the Court.  The parties are not required to conduct depositions prior to the February 2, 2011 case management conference.

**IT IS SO ORDERED.**

Dated  December 13, 2010

*/s/ Lucy H. Koh*
HON. LUCY H. KOH
United States District Court Judge