1   MARC J. FAGEL (SBN. 154425)
    fagelm@sec.gov
2   ROBERT L. MITCHELL (SBN. 161354)
    mitchellr@sec.gov
3   SAHIL W. DESAI (SBN. 197358)
    desais@sec.gov
4   44 Montgomery Street, Suite 2600
    San Francisco, California 94104
5   Telephone: (415) 705-2500
    Facsimile: (415) 705-2501
6   Attorneys for Plaintiff
    SECURITIES AND EXCHANGE
7   COMMISSION

8

9

10                  **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12                        **SAN JOSE DIVISION**

13

14   SECURITIES AND EXCHANGE COMMISSION,       Case No. 09-05395-LHK

15          Plaintiff,

                                                **[PROPOSED] FINAL JUDGMENT**
16          vs.

17   BENJAMIN SILVA, III,

18          Defendant.

19

20

21

22

23

24

25

26

27

28

---

1   The Securities and Exchange Commission ("Commission") having filed a complaint, and
2   Defendant Benjamin Silva, III ("Defendant") having been served with the complaint, entered a
3   general appearance, consented to the Court's jurisdiction over him and the subject matter of this
4   action, consented to entry of this Final Judgment without admitting or denying the allegations of the
5   complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any
6   right to appeal from this Final Judgment:

7                                                    **I.**

8   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently
9   restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act")
10  [15 U.S.C. § 77q(a)] by, directly or indirectly, in the offer or sale of securities, by use of the means or
11  instruments of transportation or communication in interstate commerce or by use of the mails:

12          (1) employing devices, schemes, or artifices to defraud;
13          (2) obtaining money or property by means of untrue statements of material fact or by
14              omitting to state a material fact necessary in order to make the statements made, in
15              light of the circumstances under which they were made, not misleading; or
16          (3) engaging in any transaction, practice, or course of business which operates or would
17              operate as a fraud or deceit upon the purchaser.

18                                                  **II.**

19  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently
20  restrained and enjoined from violating or aiding and abetting the violation of Section 10(b) of the
21  Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. §
22  240.10b-5] by, directly or indirectly, in connection with the purchase or sale of securities, by the use
23  of means or instrumentalities of interstate commerce, or of the mails:

24          (a)    employing devices, schemes, or artifices to defraud; or
25          (b)    making untrue statements of material facts or omitting to state material facts
26                 necessary in order to make the statements made, in the light of the
27                 circumstances under which they are made, not misleading.

28

1

**III.**

2      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

3   restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)]

4   and Rule 13b2-1 thereunder [17 C.F.R. 240.13b2-1] by knowingly circumventing or knowingly

5   failing to implement a system of internal accounting controls of any issue, which has a class of

6   securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or any company

7   which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o].

8

**IV.**

9      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

10   permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. §

11   240.13b2-2] by, directly or indirectly, (1) making or causing to be made a materially false or

12   misleading statement; or (2) omitting to state, or causing another person to omit to state, material

13   facts necessary in order to make statements made, in light of the circumstances under which such

14   statements are made, not misleading, to an accountant in connection with:  (i) an audit, review or

15   examination of the financial statements of an issuer that the issuer is required to file with the

16   Commission under the Exchange Act and the rules thereunder; or (ii) the preparation or filing of any

17   document or report required to be filed by an issuer with the Commission under the Exchange Act

18   and the rules thereunder.

19

**V.**

20      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

21   restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act

22   [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17

23   C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13] by knowingly providing substantial

24   assistance to an issuer, which has a class of securities registered pursuant to Section 12 of the

25   Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], in failing to

26   file with the Commission such accurate and complete information, reports, and documents as are

27   required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §

28

1 | 78m(a)] and Rules 12b-20 [17 C.F.R. § 240.12b-20], 13a-1 [17 C.F.R. § 240.13a-1], 13a-11 [17

2 | C.F.R. § 240.13a-11], and 13a-13 [17 C.F.R. § 240.13a-13] promulgated thereunder.

3 | **VI.**

4 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

5 | restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the

6 | Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to any

7 | issuer, which has a class of securities registered pursuant to Section 12 of the Exchange Act [15

8 | U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], in failing to make or keep

9 | books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions

10 | and dispositions of the assets of the issuer.

11 | **VII.**

12 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

13 | restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the

14 | Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly providing substantial assistance to any

15 | issuer, which has a class of securities registered pursuant to Section 12 of the Exchange Act [15

16 | U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], in failing to devise and

17 | maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

18 |       A.    transactions are executed in accordance with management's general or specific

19 |             authorization;

20 |       B.    transactions are recorded as necessary (i) to permit preparation of financial

21 |             statements in conformity with generally accepted accounting principles or any

22 |             other criteria applicable to such statements, and (ii) to maintain accountability

23 |             for assets;

24 |       C.    access to assets is permitted only in accordance with management's general or

25 |             specific authorization; and

26 |       D.    the recorded accountability for assets is compared with the existing assets at

27 |             reasonable intervals and appropriate action is taken with respect to any

28 |             differences.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section
21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15
U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer, which has
a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is
required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], for five
(5) years following the date of entry of this Final Judgment.

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay
$75,720.97 plus prejudgment interest thereon of $20,600.55, for a total of $96,321.52. Defendant
shall satisfy this obligation by paying $96,321.52 within fourteen (14) days after entry of this Final
Judgment by certified check, bank cashier's check, or United States postal money order payable to the
Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of
Financial Management, Securities and Exchange Commission, Operations Center, 6432 General
Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter that
identifies Benjamin Silva, III as a defendant in this action, sets forth the title and civil action number
of this action and the name of this Court, and specifies that payment is made pursuant to this Final
Judgment. Defendant shall concurrently transmit a photocopy of such payment and letter to the
attention of Marc J. Fagel, Regional Director, at the Commission's San Francisco Regional Office, 44
Montgomery Street, Suite 2600, San Francisco, California 94104. Defendant shall pay post-
judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall
remit the funds paid pursuant to this paragraph to the United States Treasury.

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay
$40,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3)
of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment pursuant to the
terms of the payment schedule set forth in paragraph XI, below. All payments shall be made by
certified check, bank cashier's check, or United States postal money order payable to the Securities

1  and Exchange Commission. Each payment shall be delivered or mailed to the Office of Financial
2  Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way,
3  Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter that identifies
4  Benjamin Silva, III as a defendant in this action, sets forth the title and civil action number of this
5  action and the name of this Court, and specifies that payment is made pursuant to this Final
6  Judgment. Defendant shall concurrently transmit a photocopy of each such payment and letter to the
7  attention of Marc J. Fagel, Regional Director, at the Commission's San Francisco Regional Office, 44
8  Montgomery Street, Suite 2600, San Francisco, California 94104. Defendant shall pay post-
9  judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall
10 remit the funds paid pursuant to this paragraph to the United States Treasury.

11                                                    **XI.**

12        Defendant shall pay the $40,000.00 set forth in paragraph X, above, in installments according
13 to the following schedule: (1) $10,000.00 within fourteen (14) days of entry of this Final Judgment;
14 (2) an additional $7,500.00 within ninety (90) days of entry of this Final Judgment; (3) an additional
15 $7,500.00 within 180 days of entry of this Final Judgment; (4) an additional $7,500.00 within 270
16 days of the entry of this Final Judgment; and (5) the remaining $7,500.00 within 365 days of the
17 entry of this Final Judgment. If Defendant fails to make any payment by the date agreed and/or in the
18 amount agreed according to the schedule set forth above, all outstanding payments under this Final
19 Judgment, including post-judgment interest, minus any payments made, shall become due and
20 payable immediately without further application to the Court.

21                                                   **XII.**

22        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant
23 Benjamin Silva, III To Entry Of Final Judgment (the "Consent") is incorporated herein with the same
24 force and effect as if fully set forth herein, and that Defendant shall comply with all of the
25 undertakings and agreements set forth therein.

26

27

28

### XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### XIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  May 31, 2011

*Lucy H. Koh*

UNITED STATES DISTRICT JUDGE

Approved as to form:

BOIES, SCHILLER & FLEXNER LLP
David W. Shapiro (SBN 219265)
dshapiro@bsfllp.com
David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:  510-874-1000
Facsimile: 510-874-1460

DAVID T. ALEXANDER (SBN. 49996)
LAW OFFICE OF DAVID T. ALEXANDER
332 Sheridan Avenue
Piedmont, CA 94611
Telephone (650) 387-4382
david@dta-law.com

Attorneys for Defendant Benjamin Silva, III

Submitted By:

Robert L. Mitchell
Sahil W. Desai

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

[PROPOSED] FINAL JUDGMENT
SEC v. SILVA, CASE NO. 09-05395-LHK

6